1  Christin Cho (Cal. Bar No. 238173)
   christin@dovel.com
2  DOVEL & LUNER, LLP
3  201 Santa Monica Blvd., Suite 600
   Santa Monica, California 90401
4  Telephone: (310) 656-7066
   Facsimile: (310) 656-7069
5
6  *Attorney for Plaintiff*
7
8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
             **COUNTY OF VENTURA**
9
10 ROGER BARR, individually and on behalf of        Case No.    56-2022-00570596-CU-BT-VTA
   all others similarly situated,
11                                                   **Class Action Complaint**
   *Plaintiff,*
12                                                      1.  False Advertising Law
   vs.
13                                                      2.  Unfair Competition Law
   SELECTBLINDS LLC,
14                                                      3.  Consumer Legal Remedies Act
   *Defendant.*
15
                                                     Jury Trial Demanded
16
                                                     *General Jurisdiction – Civil*
17
18
19
20
21
22
23
24
25
26
27
28

VENTURA
SUPERIOR COURT
**FILED**

**OCT 04 2022**

BRENDA L. McCORMICK
Executive Officer and Clerk
By:_____, Deputy

**Hannah Cressy**

1

Class Action Complaint

**Table of Contents**

I.      Introduction..............................................................................................................3

II.     Parties....................................................................................................................5

III.    Jurisdiction and Venue........................................................................................5

IV.     Facts.......................................................................................................................6

    A.   SelectBlinds' fake sales and discounts. .........................................................6

    B.   SelectBlinds' advertisements violate California law. .....................................13

    C.   SelectBlinds' advertisements harm consumers...............................................13

    D.   Plaintiff was misled by Defendant's misrepresentations. ..............................14

    E.   SelectBlinds breached its contract. ................................................................15

V.      Class Action Allegations...................................................................................15

VI.     Causes of Action................................................................................................17

   First Cause of Action: Violation of California's False Advertising Law ..................17

   Second Cause of Action: Violation of California's Consumer Legal Remedies Act ..............19

   Third Cause of Action: Violation of California's Unfair Competition Law ...........21

   Fourth Cause of Action: Breach of Contract ..................................................23

   Fifth Cause of Action: Breach of Express Warranty .......................................24

   Sixth Cause of Action: Quasi-Contract/Unjust Enrichment ...........................25

VII.    Jury Trial Demand.............................................................................................25

VIII.   Prayer for Relief................................................................................................25

Class Action Complaint

I.      **Introduction.**

1.      Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.      While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.      As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up an "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. §233.1.  So, fake sales violate California's general prohibition on unfair and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

4.      Moreover, California's False Advertising Law specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  *E.g.*, Cal. Civ. Code § 1770(a)(13).

5.      Likewise, California's Consumer Legal Remedies Act provides that "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code §17501.

6.      Defendant makes, sells, and markets window and door coverings (the "SelectBlinds Products" or "Products").  The Products are sold online through Defendant's website, SelectBlinds.com.

7.      Defendant prominently advertises sales on its website.  Those sales include sitewide percentages off (for example 50% off sitewide, meaning all products sold on Defendant's website are 50% off).  They also include countdown timers indicating that the sale will end soon:

3
Class Action Complaint

1 *Defendant's sale, with a countdown clock listing when the sale*

2 *ends:*



3

4

5

6

7

8

9

10

11

12 *Purported regular prices, and associated discounts:*



13

14

15

16

17

18     8.      Everything about these advertisements is false. The sales Defendant advertises

19 are not limited-time events where the Products are marked down from their regular retail prices.

20 SelectBlinds' products do not ever retail at the supposed regular prices it lists. They always

21 retail at a much lower price, at least 30% less. And when the countdown timer ends, the sales do

22 not end. Instead, they are immediately replaced by a different sale offering comparable amounts

23 off—always more than 30% off, and are typically close to 50%. And the countdown timer is

24 reset and begins counting down again.

25     9.      Mr. Barr bought blinds from SelectBlinds. Like SelectBlinds' other customers,

26 when Mr. Barr bought the blinds, SelectBlinds advertised that a purported sale was going on and

27 would end when a displayed countdown expired. Mr. Barr believed that the SelectBlinds

28 Products that he purchased retailed for the displayed regular price. He further believed that he

1 | was getting a substantial discount from the regular price, and that the sale would end soon.
2 | These reasonable beliefs are what caused him to buy from SelectBlinds.  If the products he
3 | purchased weren't on sale, he would not have bought them.

4 |      10.    But none of what Mr. Barr reasonably believed was true.  SelectBlinds' published
5 | regular prices were fake; the products Mr. Barr bought were not actually sold at those prices.
6 | Mr. Barr did not receive the discount that was listed.  Had SelectBlinds been truthful, Plaintiff
7 | and other consumers would not have purchased the products or would have paid less for them.

8 |      11.    Plaintiff brings this case for himself and the other consumers who purchased
9 | Defendant's Products.

10 | **II.    Parties.**

11 |      12.    Plaintiff Roger Barr is domiciled in Camarillo, California.

12 |      13.    The proposed class includes citizens of every state.

13 |      14.    On information and belief, Defendant SelectBlinds LLC is a Delaware LLC with
14 | its principal place of business in Arizona.

15 | **III.    Jurisdiction and Venue.**

16 |      15.    The Court has personal jurisdiction over Defendant because Defendant does
17 | business here.  Defendant sold the SelectBlinds Products to consumers in California, including to
18 | Plaintiff.  Defendant derives substantial revenue from sales of its products in this State, and
19 | markets and sells its products for use in this State.

20 |      16.    The amount in controversy exceeds $5,000,000, exclusive of interest and costs,
21 | and the matter is a class action.

22 |      17.    Venue is proper because Defendant does business in California, and sells
23 | SelectBlinds Products to consumers in California and a substantial part of Defendant's conduct
24 | giving rise to the claims occurred in this District, including Plaintiff's purchases of the
25 | SelectBlinds Products.

26

27

28

**IV.     Facts.**

    **A.     SelectBlinds' fake sales and discounts.**

    18.     SelectBlinds makes, sells, and markets window and door blinds and shades. SelectBlinds sells its products directly to consumers online, through its website, SelectBlinds.com.

    19.     SelectBlinds' website creates an illusion that customers are receiving a limited-time discount. SelectBlinds does this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.

    <u>Fake limited-time sales:</u>

    20.     SelectBlinds' website persistently represents that a sale is on the verge of ending. For example, on September 15, 2022, SelectBlinds advertised a sale on its website.



Captured September 15, 2022

    21.     The sale prominently featured a timer, which said that the sale would end at midnight.

Class Action Complaint

22.    But at midnight, the sale did not end.  Instead, another sale began the next day, with a different name but a comparable discount, with an updated timer stating that the sale would expire at midnight the next day:



Captured September 16, 2022.

23.    SelectBlinds' sales have persisted over a year, never ending.  For example:



Captured July 18, 2022.

Class Action Complaint



Captured August 1, 2022.



Captured August 15, 2022.

Captured September 1, 2022.

Class Action Complaint



Captured September 26, 2022.

24.    This same deception has gone on throughout the entire applicable statute of limitations period.

25.    SelectBlinds' website persistently misleads consumers into believing that items are on sale, when in fact they are not.  It also persistently misleads consumers into believing that the supposed sale prices are available only for a limited time, when in fact the sales never end.

Fake regular prices and fake discounts:

26.    SelectBlinds' website also lists fake regular prices and fake discounts.  For example, on September 15, 2022, SelectBlinds' website advertised a sale:



27.    The sale was advertised as ending at midnight that day.

9

Class Action Complaint

28.     As part of this sale, SelectBlinds represented to consumers who purchased the 2"
SelectWave Cordless Faux Wood Blinds that they would be receiving a discount from a regular
price of $25.99.



Class Action Complaint

29.     SelectBlinds represented that a customer who purchased the blinds would receive 50% off, or $13.00 off:

**ORDER SUMMARY**

| | |
|---|---|
| Subtotal | $25.99 |
| Take 40% Off | -$10.40 |
| Extra 10% Off | -$1.56 |
| Shipping | FREE |
| Warranty | FREE |
| Handling ⓘ | $5.95 |
| **TOTAL** | **$19.98** |

PLACE ORDER

QTY 1                          $14.03
2" SelectWave Cordless Faux
Wood Blinds

30.     But the truth is, the blinds are not regularly priced at $25.99.  Instead, the blinds are always sold at a much lower price—at least 30% less.

31.     For example, the very next day—when the sale should have already expired—the same blinds were again available on sale at a comparable amount off (40% + 10% off):

Class Action Complaint



32. This cycle never ends: the Products are always advertised as on sale (at a purported discounted price) for a limited time. The sale is always at least 30%, and is usually close to 50%.

33. Reasonable consumers do not realize the fake nature of the sale. It is not apparent from merely purchasing the product, because the sale appears to be a bona fide sale. Consumers do not have any reason to go back to the site day after day and discover that there is a sale. And, even a consumer who occasionally checked the website would reasonably believe that there happened to be another sale. Discovering SelectBlinds' deception required extensive mining of internet archives, which revealed that the sale is not limited in time, that the discounts are fake, and that the advertised regular prices are fake.

34. By listing fake regular prices and fake discounts, SelectBlinds misleads consumers into believing that they are getting a good deal.

**B.   SelectBlinds' advertisements violate California law.**

35.   As the Federal Trade Commission states in its *Guides Against Deceptive Pricing*, "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction - the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1. Advertising such false "bargains" is false, misleading, and unfair. Accordingly, it violates California's Unfair Competition law, which bans unlawful, unfair or fraudulent" business acts and practices. *See* Cal. Bus. & Prof. Code § 17200.

36.   In addition, California's Consumer Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code §1770(1)(13). SelectBlinds' advertisements make false statements regarding the reasons for the sale (e.g., "Labor Day Sale," when in fact the sale is ongoing and not limited to Labor Day). SelectBlinds' advertisements also make false statements about the existence of the sale, and the amounts of price reductions.

37.   Further, under California law, "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding"). Cal. Bus. & Prof. Code §17501. As described in further detail above, SelectBlinds advertises its products using former prices that were not the prevailing market prices within the preceding three months.

38.   So not only are SelectBlinds' business practices generally deceptive and fraudulent and therefore banned—they are also specifically prohibited by statute.

**C.   SelectBlinds' advertisements harm consumers.**

39.   Based on SelectBlinds' advertisements, reasonable consumers would expect that the listed regular prices are prices that SelectBlinds actually sells its products for. Reasonable consumers would also expect that, if they purchase during the sale, they will receive a discount from the regular purchase price.

40.   In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount.

41.     Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[1] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," and "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[2]

42.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[3]

43.     Thus, SelectBlinds' advertisements harm consumers by inducing them to make purchases based on false information.

**D.     Plaintiff was misled by Defendant's misrepresentations.**

44.     On January 21, 2019, Mr. Barr bought 2" SelectWave Cordless Faux Wood Blinds and 1" Signature Aluminum blinds from SelectBlinds' website while living in Camarillo, California. The products were prominently advertised as being on sale—50% off—for a limited time. SelectBlinds' website also published a regular price for the products that Mr. Barr ordered, and a discounted price. Mr. Barr's invoice also represented that he was receiving a substantial discount for the items that he ordered.

45.     Mr. Barr read and relied on the representations on the website that the products had the published regular price, and that he was receiving a discount as compared to the regular price. He would not have purchased the product, or would have paid less for the product, if he knew that they were not on sale, and that he was not receiving the promised discount.

46.     At the time that Mr. Barr purchased the blinds, he did not know that SelectBlinds' sale was not real, that the discount was fake, and that the sale was not ending soon. Nor did he

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.

[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

[3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

Class Action Complaint

1  have any reason to suspect that the sale was fake when he purchased the blinds.  Plaintiff did not

2  discover Defendant's deception until September, 2022, when he learned that SelectBlinds' blinds

3  are always discounted, and that, as a result, he did not receive the sale he was promised.

4      **E.      SelectBlinds breached its contract.**

5      47.     When Mr. Barr purchased and paid for the SelectBlinds Products that he bought,

6  he accepted an offer that SelectBlinds made, and thus, a contract was formed.  The offer was to

7  provide blinds having a regular price of $161.87, and to provide a discount of 50% off the

8  regular price of those blinds.

9      48.     Mr. Barr and SelectBlinds entered a contract.  The contract was memorialized in

10  SelectBlinds' order confirmation.  The order confirmation lists the market value of the items that

11  SelectBlinds promised to provide, and also specified the dollar amount of the discount off the

12  regular price that SelectBlinds promised to provide Mr. Barr.

13      49.     The market value of the blinds Mr. Barr would receive, and the amount of the

14  discount that he would be provided off the regular price of those items, were specific and

15  material terms of the contract.

16      50.     SelectBlinds breached its contracts by failing to provide Mr. Barr with products

17  with a market value equal to the regular price displayed on its website, and by failing to provide

18  the discount promised.

19  **V.     Class Action Allegations.**

20      51.     Plaintiff brings the asserted claims on behalf of the proposed class of:

21      • Nationwide Class: all persons who, within the applicable statute of limitations

22         period, purchased one or more SelectBlinds Products advertised at a discount on

23         SelectBlinds' website.

24      • California subclass: all persons who, while in the state of California and within

25         the applicable statute of limitations period, purchased one or more SelectBlinds

26         Products advertised at a discount on SelectBlinds' website.

27      52.     The following people are excluded from the Class and the subclass: (1) any Judge

28  or Magistrate Judge presiding over this action and the members of their family; (2) Defendant,

1  Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the

2  Defendant or its parents have a controlling interest and their current employees, officers and

3  directors; (3) persons who properly execute and file a timely request for exclusion from the

4  Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or

5  otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and

6  consultants; and (6) the legal representatives, successors, and assigns of any such excluded

7  persons.

8  ***Numerosity***

9  53.    The proposed class contains members so numerous that separate joinder of each

10  member of the class is impractical.

11  54.    It is estimated that there are hundreds of thousands of proposed class members or

12  more.

13  ***Commonality***

14  55.    There are questions of law and fact common to the proposed class. Common

15  questions of law and fact include, without limitation:

16  (1) whether SelectBlinds made false or misleading statements of fact in its

17  advertisements;

18  (2) whether Defendant violated state consumer protection statutes;

19  (3) whether Defendant committed a breach of contract;

20  (4) whether Defendant committed a breach of an express or implied warranty;

21  (5) Damages needed to reasonably compensate Plaintiff and the proposed class.

22

23

24

25

26

27

28

*Typicality*

56.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the SelectBlinds Products.

***Predominance and Superiority***

57.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class.  For example, individual adjudication would create a risk that breach of the same express warranty is found for some proposed class members, but not others.

58.     Common questions of law and fact predominate over any questions affecting only individual members of the proposed class.  These common legal and factual questions arise from central issues which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member.

59.     For example, a core liability question is common: whether Defendant's use of false regular prices and discounts is false and misleading.

60.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.     Causes of Action.

### First Cause of Action:

### Violation of California's False Advertising Law

### (by Plaintiff and the California subclass)

***Section 17501 et. seq.***

61.     Plaintiff incorporates each and every factual allegation set forth above.

62.     Plaintiff brings this cause of action on behalf of himself and members of the California subclass.

63.     Defendant has violated Section 17501 of the Business and Professions Code.

64.     As alleged more fully above, Defendant advertises former prices on its website by using words and phrases such as "Unit Price," and/or displaying discounts using words and phrases such as "Discount" or "Today's Sale Price."

65.     The former prices advertised by Defendant were not the prevailing market prices for the products within three months preceding publication of the advertisement.

66.     Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  SelectBlinds' advertisements do not indicate whether or when the purported former prices were offered at all.

67.     Defendant violated, and continues to violate, Section 17501 to induce Plaintiff and the California subclass to make purchases on its website based on the advertised former prices.

68.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on the statements when purchasing SelectBlinds Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

69.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the SelectBlinds Products.

70.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California subclass.

71.     Plaintiff and the California subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased SelectBlinds Products if they had known the truth, and/or (b) would have paid less for them.

***Section 17500 et. seq.***

72.     Plaintiff incorporates each and every factual allegation set forth above.

73.     Plaintiff brings this cause of action on behalf of himself and the California subclass.

74.     Defendant has violated Section 17500 of the Business and Professions Code.

18

75. As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to California subclass members.

76. Defendant did this by advertising limited-time offers that were not actually limited in time, false reference prices, and false discounts regarding its products.

77. Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

78. Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on the statements when purchasing SelectBlinds Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

79. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the SelectBlinds Products.

80. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California subclass.

81. Plaintiff and the California subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased SelectBlinds Products if they had known the truth, and/or (b) they overpaid for the Products due to the misrepresentation.

**Second Cause of Action:**

**Violation of California's Consumer Legal Remedies Act**

**(by Plaintiff and the California subclass)**

82. Plaintiff incorporates each and every factual allegation set forth above.

83. Plaintiff brings this cause of action on behalf of himself and the California subclass.

84. Plaintiff and the California subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

85. Plaintiff and the California subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

Class Action Complaint

86.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

87.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to California subclass members. Defendant did this by advertising limited-time offers that were not limited in time, using fake regular prices, and advertising fake discounts.

88.     Defendant violated, and continues to violate, Section 1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website. Defendant has violated Section 1770(a)(13) by (1) misrepresenting the regular price of products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings on its website are available only for a limited time, when in fact they are not, and (4) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available.

89.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that products offered for sale on its website have characteristics or benefits that they do not have. Defendant represents that the value of its products is greater than it actually is by advertising inflated regular prices and fake discounts for products.

90.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code. Defendant violates this by advertising its products as being offered at a discount, when in fact Defendant does not intend to sell the products at a discount.

91.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

Class Action Complaint

92.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing SelectBlinds Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

93.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the SelectBlinds Products.

94.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California subclass.

95.     Plaintiff and the California subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased SelectBlinds Products if they had known that the discounts, regular prices, and/or the limited-time offer were not real, and/or (b) they would have paid less for the products.

96.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Mr. Barr, on behalf of himself and all other members of the California subclass, seeks injunctive relief.

97.     CLRA § 1782 NOTICE. On September 29, 2022, a CLRA demand letter was sent to Defendant's Arizona headquarters via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. Defendant does not have a California headquarters. If Defendant does not fully correct the problem for Plaintiff and for each member of the California subclass within 30 days of receipt, Plaintiff and the California subclass will seek all monetary relief allowed under the CLRA.

98.     A CLRA venue declaration is attached.

### Third Cause of Action:

### Violation of California's Unfair Competition Law

### (by Plaintiff and the California subclass)

99.     Plaintiff incorporates each and every factual allegation set forth above.

100.     Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

Class Action Complaint

1    ***The Unlawful Prong***

2        101.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as

3    alleged above and incorporated here.

4        ***The Deceptive Prong***

5        102.    As alleged in detail above, Defendant's representations that its products were on

6    sale, that the sale was limited in time, that the products had a specific regular price, and that the

7    customers were receiving discounts were false and misleading.

8        103.    Defendant's representations were misleading to Plaintiff and other reasonable

9    consumers.

10       104.    Plaintiff relied upon Defendant's misleading representations and omissions, as

11   detailed above.

12       ***The Unfair Prong***

13       105.    As alleged in detail above, Defendant committed "unfair" acts by falsely

14   advertising that its products were on sale, that the sale was limited in time, that the products had

15   a specific regular price, and that the customers were receiving discounts.

16       106.    Defendant violated established public policy by violating the CLRA and FAL, as

17   alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively.

18   declared policy (that of the CLRA and FAL).

19       107.    The harm to Plaintiff and the California subclass greatly outweighs the public

20   utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a

21   consumer product.  This injury was not outweighed by any countervailing benefits to consumers

22   or competition.  Misleading consumer products only injure healthy competition and harm

23   consumers.

24       108.    Plaintiff and the California subclass could not have reasonably avoided this

25   injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers

26   like Plaintiff.

27       109.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive,

28   unscrupulous, and substantially injurious to consumers.

* * *

110.   For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when SelectBlinds' products.  Defendant's representations were a substantial factor in Plaintiff's purchase decision.

111.   In addition, class-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the SelectBlinds products.

112.   Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class members.

113.   Plaintiff and the California subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the SelectBlinds Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products are sold at the regular price and not at a discount.

### Fourth Cause of Action:

### Breach of Contract

### (by Plaintiff and the Nationwide class)

114.   Plaintiff incorporates each and every factual allegation set forth above.

115.   Plaintiff and the Nationwide class members entered into contracts with SelectBlinds when they placed orders to purchase products on SelectBlinds' website. These contracts were memorialized in invoices that were sent to purchasers.

116.   The contracts provided that Plaintiff and class members would pay SelectBlinds for the products ordered.

117.   The contracts further required that SelectBlinds provide Plaintiff and class members with products that have a market value equal to the regular prices displayed in the invoice.  They also required that SelectBlinds provide Plaintiff and class members with the discount listed in the invoice.  These were specific and material terms of the contract.

118.   The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and class members at the time they placed their orders.  The discounts

1 were further memorialized in the order confirmations that SelectBlinds emailed to customers

2 after they had placed their orders.

3      119.    Plaintiff and the Nationwide class members paid SelectBlinds for the products

4 they ordered, and satisfied all other conditions of their contracts.

5      120.    SelectBlinds breached the contracts with Plaintiff and class members by failing to

6 provide products that had a market value equal to the regular price displayed on its website, and

7 by failing to provide the promised discount. SelectBlinds instead charged Plaintiff and class

8 members the full market price of the products they ordered. SelectBlinds did not provide the

9 discount that it had promised.

10      121.    As a direct and proximate result of SelectBlinds' breaches, Plaintiff and the

11 Nationwide class members were deprived of the benefit of their bargained-for exchange, and

12 have suffered damages in an amount to be established at trial.

13 **Fifth Cause of Action:**

14 **Breach of Express Warranty**

15 **(by Plaintiff and the Nationwide class)**

16      122.    Plaintiff incorporates each and every factual allegation set forth above.

17      123.    Plaintiff brings this count individually and for the Nationwide class.

18      124.    Defendant, as the designer, manufacturer, marketer, distributor, supplier, and/or

19 seller of the SelectBlinds Products, issued material, written warranties by advertising that the

20 Products had a market value equal to the regular price displayed on SelectBlinds' website. This

21 was an affirmation of fact about the products (i.e., a representation about the market value) and a

22 promise relating to the goods.

23      125.    This warranty was part of the basis of the bargain and Plaintiff and the

24 Nationwide class members of the class relied on this warranty.

25      126.    In fact, the SelectBlinds Products did not have the stated market value. Thus, the

26 warranty was breached.

27      127.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a

28 notice letter to Defendant's headquarters, on September 21, 2022.

128.   Plaintiff and the Nationwide class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased SelectBlinds Products if they had known that the warranty was false, or (b) they overpaid for the Products due to the warranty.

**Sixth Cause of Action:**

**Quasi-Contract/Unjust Enrichment**

**(by Plaintiff and the Nationwide class)**

129.   Plaintiff incorporates each and every factual allegation set forth above.

130.   Plaintiff alleges this claim individually and on behalf of the class.

131.   As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the Class to purchase SelectBlinds Products and to overpay for these products.

132.   In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

133.   Plaintiff and the class seek restitution.

**VII.   Jury Trial Demand.**

134.   Plaintiff demands the right to a jury trial on all claims so triable.

**VIII.   Prayer for Relief.**

135.   Plaintiff seeks the following relief individually and for the proposed class and subclasses:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendants' deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: October 3, 2022

By. _____

Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiff*

Class Action Complaint