ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
SELECTBLINDS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER BARR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECTBLINDS LLC,<br><br>Defendant. | CASE NO. 2:22-CV-08326-SPG-PD<br><br>**STIPULATED PROTECTIVE ORDER**[1]<br><br>Courtroom: 5C<br>Judge:     Hon. Sherilyn Peace Garnett |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Patricia Donahue's Procedures.

1.1   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2   GOOD CAUSE STATEMENT

This putative class action involves claims relating to Defendant SelectBlinds LLC's alleged sales practices and is therefore likely to involve sensitive trade secrets, confidential and proprietary customer and pricing lists and related information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.   Such confidential and proprietary materials and information consist of, among other things, confidential business and financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified.   It is the intent of the parties that information

1

will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that it is confidential, has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-CV-08326-SPG-PD

*See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.  <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1        2.6    <u>Expert</u>: a person who has been retained by a Party or its counsel to serve

2  as an expert witness or as a consultant in this action.

3        2.7    <u>House Counsel</u>: attorneys who are employees of a party to this action.

4  House Counsel does not include Outside Counsel or any other outside counsel.

5        2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or

6  other legal entity not named as a Party to this action.

7        2.9    <u>Outside Counsel</u>: attorneys who are not employees of a party to this

8  action but are retained to represent or advise a party to this action.

9        2.10  <u>Party</u>: any party to this action, including all of its officers, directors,

10  employees, consultants, members, retained experts, and Outside Counsel (and their

11  support staffs).

12        2.11  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

13  Discovery Material in this action.

14        2.12  <u>Professional Vendors</u>: persons or entities that provide litigation support

15  services (e.g., photocopying, videotaping, translating, preparing exhibits or

16  demonstrations, and organizing, storing, or retrieving data in any form or medium)

17  and their employees and subcontractors.

18        2.13  <u>Protected Material</u>: any Disclosure or Discovery Material that is

19  designated as "CONFIDENTIAL."

20        2.14  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

21  from a Producing Party.

22        3.     <u>SCOPE</u>

23        The protections conferred by this Stipulation and Order cover not only

24  Protected Material (as defined above), but also (1) any information copied or extracted

25  from Protected Material; (2) all copies, excerpts, summaries, or compilations of

26  Protected Material; and (3) any testimony, conversations, or presentations by Parties

27  or their Counsel that might reveal Protected Material. However, the protections

28  conferred by this Stipulation and Order do not cover the following information: (a)

4

1  any information that is in the public domain at the time of disclosure to a Receiving

2  Party or becomes part of the public domain after its disclosure to a Receiving Party

3  as a result of publication not involving a violation of this Order, including becoming

4  part of the public record through trial or otherwise; and (b) any information known to

5  the Receiving Party prior to the disclosure or obtained by the Receiving Party after

6  the disclosure from a source who obtained the information lawfully and who did not

7  breach any obligation of confidentiality to the Designating Party by disclosing or

8  providing it to the Receiving Party.

9       This Order does not govern the use of Protected Material at trial.  Any use of

10  Protected Material at trial shall be governed by a separate agreement or order.

11       4.    <u>DURATION</u>

12       Even after final disposition of this litigation, the confidentiality obligations

13  imposed by this Order shall remain in effect until a Designating Party agrees

14  otherwise in writing or a court order otherwise directs. Final disposition shall be

15  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

16  or without prejudice; and (2) final judgment herein after the completion and

17  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

18  including the time limits for filing any motions or applications for extension of time

19  pursuant to applicable law.

20       5.    <u>DESIGNATING PROTECTED MATERIAL</u>

21       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

22  Each Party or Non-Party that designates information or items for protection under this

23  Order must take care to limit any such designation to specific material that qualifies

24  under the appropriate standards. The Designating Party must designate for protection

25  only those parts of material, documents, items, or oral or written communications that

26  qualify – so that other portions of the material, documents, items, or communications

27  for which protection is not warranted are not swept unjustifiably within the ambit of

28  this Order.

5

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For documents produced in electronic native format (e.g., Excel files) the Producing Party may include CONFIDENTIAL in the file title.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents,

6

or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation

1  by electing not to mount a challenge promptly after the original designation is
2  disclosed.

3      6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
4  resolution process by providing written notice of each designation it is challenging
5  and describing the basis for each challenge. The parties shall attempt to resolve each
6  challenge in good faith and must begin the process by conferring directly within 7
7  days of the date of service of notice. In conferring, the Challenging Party must explain
8  the basis for its belief that the confidentiality designation was not proper and must
9  give the Designating Party an opportunity to review the designated material, to
10  reconsider the circumstances, and, if no change in designation is offered, to explain
11  the basis for the chosen designation. A Challenging Party may proceed to the next
12  stage of the challenge process only if it has engaged in this meet and confer process
13  first or establishes that the Designating Party is unwilling to participate in the meet
14  and confer process in a timely manner.

15      6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without
16  court intervention, the Designating Party shall file and serve a motion to retain
17  confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-
18  5, if applicable) within 21 days of the initial notice of challenge or within 14 days of
19  the parties agreeing that the meet and confer process will not resolve their dispute,
20  whichever is earlier. Each such motion must be accompanied by a competent
21  declaration affirming that the movant has complied with the meet and confer
22  requirements imposed in the preceding paragraph. Failure by the Designating Party
23  to make such a motion including the required declaration within 21 days (or 14 days,
24  if applicable) shall automatically waive the confidentiality designation for each
25  challenged designation. In addition, the Challenging Party may file a motion
26  challenging a confidentiality designation at any time if there is good cause for doing
27  so, including a challenge to the designation of a deposition transcript or any portions
28  thereof. Any motion brought pursuant to this provision must be accompanied by a

competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, or has withdrawn the designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only as reasonably necessary for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise permitted by this Stipulated Protective Order, ordered by the court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who are employees, directors, or officers of a Party or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or ADR provider that is assisting the parties with potential settlement, and their personnel

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or has been ordered to do so by the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

11

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court, unless the Party has obtained the Non-Party's permission or has been ordered to do so by the court from which the subpoena or order issued. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties have reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, as set forth in Section 14.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.2.2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Notwithstanding the foregoing and anything else in this Order, if a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving

Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

Within 60 days after the later of both (1) a final disposition of this action, as defined in paragraph 4 and (2) a written request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, subject to the exceptions below. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, subject to the exceptions below. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, emails and associated attachments, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    FEDERAL RULE OF EVIDENCE 502(d) ORDER

Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-CV-08326-SPG-PD

Stipulation and Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be promptly returned to the Producing Party or destroyed at the request of the Producing Party.

FOR GOOD CAUSE SHOWN, THROUGH COUNSEL OF RECORD.


Dated: March 13, 2023            **DLA PIPER LLP (US)**

By: /s/ *Isabelle L. Ord*
_____
    ISABELLE L. ORD
    Attorneys for Defendant
    SELECTBLINDS LLC

Dated: March 13, 2023            **DOVEL & LUNER, LLP**

By: /s/ *Simon Carlo Franzini*
_____
    CHRISTIN KYUNGSIK CHO
    SIMON CARLO FRANZINI
    GRACE BENNETT
    Attorneys for Plaintiffs
    ROGER BARR


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: March 15, 2023
_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

15

1
2

## **ATTORNEY ATTESTATION**

3
4

Pursuant to C.D. Cal. Civil L.R. 5-4.3.4(a)(2)(i), I attest that concurrence in

5

the filing of this document has been obtained from the signatory shown above and

6

that the signatory has authorized placement of their electronic signature on this

7

document.

8

Executed on March 13, 2023, at Moraga, California.

9
10

*/s/ Isabelle L. Ord*
Isabelle L. Ord

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEST\302226949.1

1

2
## EXHIBIT A

3
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4
 I, _____ [print or type full name], of

5
_____ [print or type full address], declare under penalty of perjury that

6
I have read in its entirety and understand the Stipulated Protective Order that was

7
issued by the United States District Court for the Central District of California on

8
[date] in the case of ***Roger Barr v. SelectBlinds LLC,*** **Case No. 2:22-cv-08326-SPG-**

9
**PD**. I agree to comply with and to be bound by all the terms of this Stipulated

10
Protective Order and I understand and acknowledge that failure to so comply could

11
expose me to sanctions and punishment in the nature of contempt. I solemnly promise

12
that I will not disclose in any manner any information or item that is subject to this

13
Stipulated Protective Order to any person or entity except in strict compliance with

14
the provisions of this Order.

15
 I further agree to submit to the jurisdiction of the United States District Court

16
for the Central District of California for the purpose of enforcing the terms of this

17
Stipulated Protective Order, even if such enforcement proceedings occur after

18
termination of this action.

19
 Date: _____

20
 City and State where sworn and signed: _____

21

22
 Printed name: _____

23

24
 Signature: _____

25

26

27

28

17